USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/12/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADMINISTRATION FOR CHILDREN'S SERVICES,

Petitioner,

-v-

JATHIYAH VALENTINE,

Respondent.

26-cv-8860 (LJL)

REMAND ORDER

LEWIS J. LIMAN, United States District Judge:

Jathiyah Valentine ("Respondent" or "Valentine"), who is self-represented, has removed to this Court an Article 10 child-protective proceeding that is pending in the Family Court of the State of New York, County of New York, in which she is the respondent. Dkt. No. 1 ("Notice of Removal"); *see* State Docket No. NN-02838-25, State File No. 328239. Valentine also has filed an "Emergency Motion for Temporary Restraining Order, Preliminary Injunction, Immediate Interim Return, Preservation of Rights and Evidence, and Counsel Relief" together with the Notice of Removal. *See* Dkt. No. 1 at 12.

On October 15, 2026, the Court ordered Valentine to show cause by no later than October 29, 2026, why this action should not be remanded to the Family Court of the State of New York, County of New York for defective removal and for lack of subject matter jurisdiction. Dkt. No. 4 (the "Show Cause Order"). The Court also invited Valentine to file by the same date a corrected Notice of Removal addressed to the procedural defects identified in the Show Cause Order. *Id.* The Court cautioned Valentine that the action would be remanded in the absence of a timely-filed response that addressed the issues identified in the Show Cause Order. *Id.* As of the date of this Order, no such response or corrected Notice of Removal has been filed.

For the reasons set forth below, Valentine's emergency motion for injunctive relief is denied, and the action is remanded to the Family Court of the State of New York, County of New York pursuant to 28 U.S.C. § 1447(c).

**BACKGROUND**

Valentine is the respondent in an Article 10 child-protective proceeding that was brought against her in the Family Court of the State of New York, County of New York. She is the biological mother of the minor child A.A.V. Dkt. No. 1 ¶ 1. Petitioner is the New York City Administration for Children's Services ("ACS"). *Id.* ¶ 2. The Notice of Removal does not indicate when the proceeding was initiated, nor does it attach the underlying family court petition, although it alleges that A.A.V. was removed from Valentine's custody in approximately March 2025 and has remained separated from her for more than one year. *Id.* ¶¶ 8, 11. Valentine contends that ACS "took physical custody of A.A.V. without [her] voluntary consent and without a pre-removal judicial order signed by a judicial officer," and that "no objectively reasonable emergency existed that made obtaining prior judicial authorization impossible or impracticable consistent with the child's safety." *Id.* ¶¶ 9–10.

In support of removal of the action to this Court, Valentine invokes 28 U.S.C. §§ 1441, 1443(1), and 1446. *Id.* ¶ 13. Valentine also invokes federal-question jurisdiction under 28 U.S.C. § 1331 "to the extent authorized by the federal removal statutes." *Id.* ¶ 14. Section 1443 addresses removal of certain civil rights cases. 28 U.S.C. § 1443. Sections 1441 and 1446 address removal generally and the procedure for removal of civil actions. 28 U.S.C. §§ 1441, 1446. With respect to removal under Section 1443(1), Respondent asserts federal racial-equality rights secured by 42 U.S.C. § 1981 and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, and preserves claims arising under 42 U.S.C. § 1983. *Id.* ¶¶ 19–26. Valentine identifies herself as a Black mother and alleges, in substance, that she and her family did not

receive "the same application, protection, benefit, procedures, governmental restraint, family-preservation opportunities, and judicial process afforded to similarly situated white parents and families." *Id.* ¶ 20.

The Notice of Removal "acknowledges that the original Article 10 proceeding commenced more than thirty days before this Notice of Removal and therefore invokes 28 U.S.C. § 1446(b)(3)." *Id.* ¶ 59. Valentine alleges that "[w]ithin the thirty-day period preceding this Notice, [she] received or viewed a written email concerning the future disposition of A.A.V. stating in substance that adoption of the child was being sought, intended, contemplated, or pursued," *id.* ¶ 61, and that within the same period, she "also received, learned of, or was served with a Family Court Order of Protection concerning A.A.V. imposing no-contact, stay-away, no-communication, and/or related restrictions," *id.* ¶ 63. Valentine contends that "[t]aken together, those later written papers first made objectively ascertainable to Respondent that the state proceeding had allegedly progressed beyond temporary separation accompanied by a stated reunification objective and toward governmental action threatening permanent legal and practical severance of the parent-child relationship." *Id.* ¶ 68.

**LEGAL STANDARD**

A defendant in a state-court action may remove a matter to federal district court if the district court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a); *Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 485 (2d Cir. 1998). To remove a state-court action to a federal district court,

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action.

28 U.S.C. § 1446(a). The right of removal is "entirely a creature of statute," and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002). "[T]he party seeking to sustain the removal . . . bears the burden of demonstrating that removal was proper." *Hodges v. Demchuk*, 866 F. Supp. 730, 732 (S.D.N.Y. 1994). If the party advocating for removal fails to establish to a "reasonable probability" that removal is proper, "remand is presumed . . . unless the removing party can demonstrate otherwise." *Town of Poughkeepsie v. S. Rd. Hosp. LLC*, 2024 WL 1156083, at *2 (S.D.N.Y. Mar. 18, 2024) (citations omitted).

A federal district court may *sua sponte* remand an action within thirty days of the filing of the notice of removal for a procedural defect or at any time for a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *see also Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131–33 (2d Cir. 2006); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643–44 (2d Cir. 1993) (per curiam).

**DISCUSSION**

Removal of this action is improper for several reasons. First, the Notice of Removal does not comply with 28 U.S.C. § 1446(a), which requires that a defendant removing an action to federal district court file "a short and plain statement of the grounds for removal" and "cop[ies] of all process, pleadings, and orders" that were served upon her. Respondent does not include with her Notice of Removal copies of any such pleadings.[1]

Second, the Notice of Removal is untimely. Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal generally must be filed "within 30 days after the receipt by the defendant, through

[1] The Notice of Removal indicates that Respondent complied with her obligation to attach "all process, pleadings, and orders served upon her that are presently available in her possession," Dkt. No. 1 ¶ 80, but elsewhere Respondent appears to request that all records from the family court proceeding be ordered, *id.* at p. 19.

service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1); *Wade v. Burns*, 803 F. App'x 433, 435 (2d Cir. 2020) (summary order). "Failure to file notice of removal within the thirty-day period requires denial of the petition for removal." *City of New York v. Gen. Star Indem. Co.*, 2005 WL 2086214, at *1 (S.D.N.Y. Aug. 29, 2005). As noted, Respondent does not provide the date on which the family court action was initiated or when she was served with the underlying petition, but alleges that A.A.V. has been removed from her custody since at least March 2025 and has remained separated from Respondent for more than one year. Dkt. No. 1 ¶¶ 8, 11. In support of "later-ascertained removability" under 28 U.S.C. § 1446(b)(3), Respondent relies upon the adoption email as a qualifying "other paper" and the Order of Protection as a qualifying "order" within the language of § 1446(b)(3). *Id.* ¶ 70. While she contends that the Notice of Removal was filed "within thirty days after receipt of one or both qualifying later papers," *id.*, Respondent does not attach the papers themselves to the Notice of Removal or otherwise provide the dates on which she received them. As such, she has not carried her burden of establishing that removal was indeed timely. Without that information, the Court cannot determine whether either paper arrived within the thirty-day window, or whether it was the paper from which removability could first be ascertained. *See* 28 U.S.C. § 1446(b)(3).

More fundamentally, even assuming that the Notice of Removal was filed within thirty days of Respondent's receipt of the adoption email and/or Order of Protection, the Court cannot conclude that they would qualify as "other paper[s]" within the meaning of § 1446(b)(3). "It is in general rare for an 'other paper' to establish federal question jurisdiction and be the basis for removal of a case to federal court, because . . . 'the jurisdictional inquiry generally focuses on just one paper: the plaintiff's well-pleaded complaint.'" *Kavourias v. Town of Greenburgh*, 2026

WL 621870, at *4 (S.D.N.Y. Mar. 5, 2026) (quoting *Conn. v. McGraw Hill Cos., Inc.*, 2013 WL 1759864, at *4 n.6 (D. Conn. Apr. 24, 2013)). "Courts accordingly find the 'other paper' doctrine has little application in federal question cases." *Id.* (internal quotation marks omitted). Respondent's case is no exception. The proffered "other paper[s]" here could not have changed the family court petition in a way that triggers this Court's jurisdiction. While the move from temporary placement towards a permanency goal of adoption understandably heightens the stakes of the family court proceeding, it does not transform a state-law proceeding into a federal one. *See ACS v. Malek*, 2020 WL 6748476, at *2 (S.D.N.Y. Oct. 7, 2020) (rejecting argument that "the severity of the situation now unlike before with the original petition clearly invokes federal question jurisdiction since ACS is trying to terminate all rights to [respondent's] daughter" where respondent "fail[ed] to allege any facts demonstrating that he received within thirty days of filing the notice of removal any 'pleading, motion or other paper' that raises a federal question").[2]

"[F]ailure to adhere to the relevant removal procedures warrants but does not require remand." *Harraz v. EgyptAir Airlines Co.*, 2019 WL 6700946, at *2 (S.D.N.Y. Dec. 9, 2019); *see Vitiello v. Contracting*, 2016 WL 1239259, at *3 (E.D.N.Y. Mar. 29, 2016) ("Though the Second Circuit has not addressed the issue, the majority of courts have concluded that the failure to include the original complaint in a notice of [removal] is a curable, procedural defect rather than a jurisdictional defect necessitating remand." (citing cases)). Nor does lack of timeliness pose a jurisdictional issue triggering mandatory remand, though "federal courts rigorously

[2] The "other paper" doctrine plays a more significant role where federal jurisdiction is founded on diversity and the initial pleading either does not state the amount in controversy or the citizenship of the parties. *See, e.g.*, *Stevens & Co., LLC v. Espat*, 2024 WL 3551158, at *2 (S.D.N.Y. July 26, 2024).

enforce the statute's thirty-day filing requirement" absent a finding of waiver or estoppel. *Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 437 (S.D.N.Y. 2006).

Even if the Court overlooked the procedural deficiencies in the Notice of Removal, however, the Court would still remand for lack of subject matter jurisdiction. Absent diversity of citizenship, federal jurisdiction for removal under 28 U.S.C. § 1441 "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Where a complaint alleges only state-law claims, it "may not be removed to federal court on the basis of a federal defense." *Id.* at 393 (emphasis omitted); *see also Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 773 (2d Cir. 1988) ("Allegations made for the first time in a removal petition . . . cannot support the removal of a case on federal question grounds."). Though Respondent fails to attach copies of the original family court complaint, nothing in the Notice of Removal suggests that "the face of [ACS]'s properly pleaded complaint" presented a federal question. *Williams*, 482 U.S. at 392; *see ACS*, 2020 WL 6748476, at *3. Construed broadly, the Notice of Removal appears to allege that permanent severance of the parent-child relationship through adoption would violate Respondent's constitutional parental rights. But Respondent "cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law." *Williams*, 482 U.S. at 399; *see ACS*, 2020 WL 6748476, at *2 (remanding to state court because the defendant's "broad conclusory allegations . . . that his federal constitutional rights are being violated are insufficient to demonstrate the existence of a federal question"); *Grohs v. Grohs*, 2017 WL 5171845, at *3 (D. Conn. Nov. 8, 2017) ("Ms. Grohs cannot remove a [state-court action] to [federal] court simply by alleging that the state court has violated her federal civil rights.").

Respondent asserts that this Court has subject matter jurisdiction under 28 U.S.C. § 1443. Dkt. No. 1 ¶¶ 13–18. Section 1443(1) permits removal from state court of criminal or civil actions against "any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1); *see also ACS*, 2020 WL 6748476, at *3. Removal under this statute must satisfy the two-part test established by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788 (1966). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Rachel*, 384 U.S. at 792); *see also Suffolk Cnty. Dep't of Soc. Servs. v. Clarke*, 807 F. App'x 133, 135 (2d Cir. 2020) (summary order) ("[T]he Supreme Court has held that [§ 1443] applies only to removals based on claims of racial discrimination."). Second, it must appear on the face of the notice "that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.' This provision normally requires that the 'denial be manifest in a formal expression of state law,' such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" *Johnson*, 421 U.S. at 219 (alteration in original) (quoting *Rachel*, 384 U.S. at 799, 803). "Absent a formal expression of state law, removal is justified in the unusual case in which 'an equivalent basis could be shown for an equally firm prediction that the defendant would be denied or cannot enforce the specified federal rights in the state court.'" *Roldan v. Fam. Ct. of City of New York*, 2025 WL 2536740, at *7 (S.D.N.Y. July 2, 2025) (quoting *Johnson*, 421 U.S. at 219), *report and recommendation adopted*, 2025 WL 2374878 (S.D.N.Y. Aug. 15, 2025), *appeal dismissed sub nom. Roldan v. Waksberg*, 2026 WL 582304 (2d Cir. Jan. 8, 2026).

Here, Respondent appears to allege that the Article 10 proceeding should be removed because ACS and the Family Court are violating her racial-equality rights under 42 U.S.C. § 1981 and Title VI. Dkt. No. 1 ¶¶ 19–26. While Respondent's invocation of her rights under Title VI may satisfy the first prong of *Rachel* as a "right under" a law providing for equal civil rights, *see Rachel*, 384 U.S. at 792–94, the Notice of Removal falters at the second prong. Respondent does not show that she was denied the opportunity to enforce any specific federal right in the Family Court. *See ACS*, 2020 WL 6748476, at *3 (remanding child-neglect proceedings to New York County Family Court because, *inter alia*, the defendant failed to show that his federal rights could not be enforced in the child-neglect proceedings); *United Mut. Houses, L.P. v. Andujar*, 230 F. Supp. 2d 349, 354 n.8 (S.D.N.Y. 2002) (remanding a holdover proceeding to New York County Civil Court because the tenants failed to show that their federal civil rights could not be enforced in the holdover proceeding); *Little Ferry Assocs. v. Diaz*, 484 F. Supp. 890, 892 (S.D.N.Y. 1980) (holding that an eviction proceeding alleged to be racially motivated may be adequately challenged in landlord-tenant court).

## CONCLUSION

For the foregoing reasons, the Court concludes that removal of Respondent's Article 10 child-protective proceeding is improper. Thus, the action is remanded to the Family Court of the State of New York, County of New York.

Because the Court determines that it lacks subject matter jurisdiction over the family court proceeding, Respondent's emergency motion for injunctive relief is DENIED. *See Minkoff v. Frontieras N. Am., Inc.*, 2026 WL 2245524, at *1 (S.D.N.Y. Aug. 4, 2026) (a court "may not enter an injunction in an action over which it lacks jurisdiction" (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) and Fed. R. Civ. P. 12(h)(3))).

The Clerk of Court is directed to send a certified copy of this Order immediately to the Clerk of the New York County Family Court and to note service on the docket, to mail a copy of this Order to Respondent at 419 W 17th Street, Apt. 21G, New York, NY 10011, and to close this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: November 12, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge